56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The PEOPLE of the TERRITORY of GUAM, Plaintiff - Appellee,
v.
Brent Colton PITTS, Defendant - Appellant.
 No. 94-10170.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided May 24, 1995.
 
 Appeal from the United States District Court for the District of Guam, No. CR-91-00096A; John S. Unpingco, District Judge, Presiding.
 D.Guam
 REVERSED AND REMANDED.
 Before: PREGERSON, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brent Colton Pitts was convicted, in Guam Superior Court, of murder and use of a deadly weapon during a felony, in violation of 9 Guam Code Ann. Secs. 16.40(a)(2) and 80.37. He appeals his conviction, raising two issues: (1) Whether his due process rights were violated by the trial court's failure to remove defense counsel from the case when it allegedly became apparent counsel was too inexperienced to effectively represent him; and (2) Whether the trial court's instructions regarding lesser-included offenses were so confusing or erroneous to warrant reversal. We reverse on the second issue, making consideration of the first unnecessary.
 
 DISCUSSION
 
 3
 Whether a jury instruction is proper is a question of law reviewed de novo. United States v. Stenberg, 803 F.2d 422, 433 (9th Cir. 1986). If a jury instruction is erroneous, this Court must reverse the conviction unless the error was harmless beyond a reasonable doubt. United States v. Rubio-Villareal, 967 F.2d 294, 296 n.3 (9th Cir. 1992) (en banc); United States v. Valle-Valdez, 554 F.2d 911, 915 (9th Cir. 1977).
 
 
 4
 In an attempt to combine the legal standards set forth in United States v. Jackson, 726 F.2d 1466 (9th Cir. 1984), and People v. Kurtzman, 758 P.2d 572 (Cal. 1988),[1] the trial court gave the following instruction regarding lesser-included offenses:
 
 
 5
 The offense of murder contains the lesser offenses of manslaughter, aggravated assault ... assault, reckless conduct and harassment. You will move along to each lesser included crime if you unanimously decide that the Defendant is not guilty of each greater crime. You need not unanimously acquit Defendant on the offense of murder before considering the lesser offenses. In other words, if any one of you is not convinced beyond a reasonable doubt that Defendant is guilty of murder, you may move on to consider the lesser offenses ... without all twelve of you first having unanimously find [sic] the Defendant not guilty of murder....
 
 
 6
 However, the Court cannot accept a guilty verdict on a lesser crime unless you have unanimously found the defendant not guilty of the greater crime....
 
 
 7
 The crime of murder contains the lesser included charge of manslaughter. If you are convinced beyond a reasonable doubt the Defendant is not guilty of murder, or even if you are unable to reach a unanimous verdict, you should consider whether he is guilty of the lesser included crime of manslaughter ....
 
 
 8
 RT 5/20/91 at 93-95; ER 66-67 (emphasis added).
 
 
 9
 Ostensibly, this instruction was intended to inform the jury that it could consider lesser-included offenses without having reached a unanimous verdict on the greater, but that before it returned a verdict on a lesser crime, it had to reach a unanimous verdict for acquittal on the greater. However, it is far from certain whether the jury could have gleaned that message from the court's convoluted instruction.
 
 
 10
 Faced with similarly contradictory jury instructions in United States v. Warren, 984 F.2d 325, 3331 (9th Cir. 1993), this Court held that the instructions failed to make it "clear to the jury that it was not required to reach a unanimous verdict on acquittal on the greater charge before reaching the lesser included offense." The danger of such an instruction is that
 
 
 11
 [i]f the jury is heavily for conviction on the greater offense, dissenters favoring the lesser may throw in the sponge rather than cause a mistrial that would leave the defendant with no conviction at all, although the jury might have reached sincere and unanimous agreement with respect to the lesser charge.
 
 
 12
 United States v. Tsanas, 572 F.2d 340, 346 (2d Cir. 1978) (quoted in Jackson, 726 F.2d at 1469).
 
 
 13
 In this case, as in Warren, "there is a reasonable possibility that the error materially affected the verdict." United States v. Valle-Valdez, 554 F.2d 911, 915 (9th Cir. 1977) (emphasis in original). Pitts' adult codefendant, although arguably more culpable than Pitts, was acquitted on the murder charge and convicted of manslaughter--a lesser-included offense. Thus, although there is sufficient evidence to support Pitts' conviction on the murder charge, "a rational jury could have concluded that [Pitts] committed the lesser offense." Jackson, 726 F.2d at 1470.
 
 
 14
 Additionally, and perhaps more importantly, it should be noted that Pitts specifically requested that the jury be instructed to consider the lesser-included offenses without having to acquit on the greater charge. "Although either formulation [enunciated by Jackson] may be employed if the defendant expresses no choice, it is error to reject the form timely requested by defendant." Id. at 1469.
 
 CONCLUSION
 
 15
 Therefore, we reverse and remand this case for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In Jackson, 726 F.2d at 1469, this Court held that a jury may be given one of two instructions regarding its deliberation of lesser-included offenses: (1) the jury may be required "to unanimously acquit on the greater charge before considering the lesser-included charge"; or (2) the jury may "be told to consider the lesser-included offense if unable after reasonable effort to reach a verdict on the greater offense."
 Kurtzman, 758 P.2d at 580, on the other hand, held that a jury may not return a verdict on a lesser-included charge without first voting for acquittal on the greater offense.